IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS RAUL PICHUCHO TANDALLA,

     Petitioner,

v.                                       No. 1:26-cv-0629-KG-DLM

PAMELA BONDI, Attorney General of the United States;
KRISTI NOEM, Secretary, Department of Homeland Security;
MARY DE ANDA-YBARRA, El Paso Field Office Director,
Immigration and Customs Enforcement; TODD LYONS,
Acting Director of Immigration and Customs Enforcement; and
WARDEN, Cibola County Correctional Center,

     Respondents.[1]

<u>ORDER TO ANSWER AND ENJOINING TRANSFER OUT OF DISTRICT</u>

Before the Court is Petitioner Luis Raul Pichucho Tandalla's *pro se* Petition for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition).   The Petition was filed by

Judith Noemi Lopez Cruz on Petitioner's behalf as his Next Friend.   (Doc. 1) at 2.   Petitioner is

detained at the Cibola County Correctional Center in Milan, New Mexico and has paid the

habeas filing fee.   *See* (Doc. 3).   Petitioner states he has been detained by Immigration and

Customs Enforcement (ICE) since January 23, 2026 and has not been provided a bond hearing.

(Doc. 1) at 2-3.   He states he was detained without a warrant while he was engaged in ordinary

daily activities.   *Id.* at 2.   He further states he has a pending asylum application before an

---

[1] The Court adds/substitutes the above-mentioned parties as Respondents in this case.   *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Immigration Court in Minnesota.  *Id.*  Petitioner seeks an order directing Respondents to provide him with an individualized bond hearing before an Immigration Judge or immediate release from immigration detention.  *Id.* at 4.

Having conducted an initial review of the Petition, the Court finds the alleged facts raise a colorable claim for relief.  Petitioner alleges he has not been provided a bond hearing under 8 U.S.C. § 1226, and it does not appear that he is being detained pursuant to a final order of removal.  *See Garcia Sanchez v. Noem, et al.*, 25-cv-1219 KG/JFR (concluding petitioner was detained pursuant to 8 U.S.C. § 1226, rather than 8 U.S.C. § 1225, and ordering Respondents to provide a bond hearing); *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.) (Gonzales, J.) (same); *Danierov v. Noem*, 2026 WL 45288, at *2 (D.N.M.) (Gonzales, J.) (same). The Clerk's Office has electronically served a copy of the petition in this matter on all federal respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system.  *See* (Doc. 2).  The United States Attorney's Office (USAO) shall answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted.  *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition).  Petitioner may file an optional reply within ten (10) business days after the answer brief is filed.

If the USAO declines to timely respond, the Court may enter a separate order directing the Immigration Court to conduct a bond hearing in accordance with its prior rulings on this issue.

IT IS THEREFORE ORDERED that:

1. The United States Attorney's Office must answer the Petition within ten (10) business days of entry of this Order and show cause why the requested relief should not be granted;

2. If Petitioner wishes to file an optional reply, he must do so within ten (10) business days after Respondents' response is filed; and

3. The Clerk's Office shall add the additional party Respondents set forth in the caption of this Order to the docket of this case.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.